IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JAN 2 5 2016

DOUGLAS F. YOUNG, Clerk

By

Deputy Clerk

DANIEL FRANKLIN                                                          PLAINTIFF

VS.                                    CASE NO. 16-2011

DAVID MARTIN, LISA FRANKLIN
AND CITY OF VAN BUREN, ARKANSAS            DEFENDANTS

## COMPLAINT

Comes now the Plaintiff, Daniel Franklin, by and through his attorney, Troy Gaston, and for his Complaint does state and allege as follows:

1. This is a civil action under 42 U.S.C. § 1983 seeking damages against Defendants for committing acts under color of law, with the intent and for the purpose of depriving Plaintiff of rights secured under the Constitution and laws of the United States, and for refusing or neglecting to prevent such deprivations and denials to Plaintiff.

2. This case arises under the United States Constitution and 42 U.S.C. Sections 1983 and 1988, as amended. This Court has jurisdiction in this matter pursuant to 28 U.S.C. Sections 1331 and 1343.

3. The Plaintiff brings this action resulting from damages incurred due to excessive use of force, slanderous statements, malicious prosecution through the form of intentional charges to Defendant with crimes which it was known that he did not commit, the denial of due process before the taking of property and liberty all as set forth in further detail hereinafter.

4. This Court is an appropriate venue for this cause of action pursuant to 28 U.S.C. 1391(b)(1) and (b)(2). The actions complained of took place in this judicial

district; evidence and records relevant to the allegations are maintained in this judicial district.

5. Daniel Franklin is a licensed contractor conducting business in the area commonly known as "Western Arkansas" or the "River Valley". He currently resides in Crawford County, Arkansas.

6. Leading up to the date of August 28, 2014, Officer David Martin of the Van Buren Police Department became engaged in a personal relationship with the wife of Dan Franklin who was also employed by the City of Van Buren.

7. Leading up to the date of August 28th there was a flurry of communication between Mrs. Franklin and Officer Martin. The two of them were conspiring to get Mr. Franklin thrown out of the marital home and to gain possession of his personal property so as to place Mrs. Franklin in an advantaged possession in what was anticipated to be a cause of action for a divorce.

7. On the evening of August 28th Mr. Franklin was making quiet use and enjoyment of his own home.

8. Mrs. Franklin alleged that Mr. Franklin had engaged in serious and significant battery against her.

9. Upon information and belief it is a policy of the Van Buren Police Department or should be a policy of the Van Buren Police Department to inspect an alleged victim making such claims for any sign for the commission of a battery. In fact Mrs. Franklin had no wounds, bruises or other marks consistent with her allegations. Due to Mrs. Franklin's relationship with Mr. Martin and with the City of Van Buren the Van Buren Police Department ignored Mr. Franklin's right of due process, disregarded standards for

establishing reasonable suspicion and accepted all statements of Mrs. Franklin as true regardless of whether there was any reasonable basis for the same or not.

10. Mrs. Franklin acted in concert with David Martin and with the advice of David Martin as to how to proceed with her allegations so as to entice the Van Buren Police Department and other officers to take action against Mr. Franklin.

11. The Van Buren Police Department then proceeded to unlawfully enter the home of Mr. Franklin and make demand for him to exit his home. Mr. Franklin declined to do so.

12. Mrs. Franklin then in concert with David Martin and at the instruction of David Martin proceeded to make further allegations that Mr. Franklin had a cache of weapons and had made threats or had acted in a manner such that he presented a risk of high casualties to the police department and to civilians. These statements did not have a reasonable basis and a reasonable investigation and inquiry by the Van Buren Police Department would have revealed that such statements were without basis. Without probable cause or reasonable suspicion the Van Buren Police Department then proceeded to fire canisters of tear gas into the home of Mr. Franklin and to infiltrate his home using a robotic camera and using a team of officers specially trained to respond to high-leverage circumstances.

13. The Van Buren Police Department then proceeded to take possession of valuable personal property belonging to Dan Franklin. This included but is not limited to thousands of dollars in cash and lawfully owned and possessed firearms. Under threat the Van Buren Police Department forced Dan Franklin to go into his home after he had been arrested and allow them access to his safe so that they could remove such items

from his safe. Many if not all said items were then provided to Mrs. Franklin while Mr. Franklin was denied his right to use and enjoy the same.

14. All Defendants acted with a willful and malicious intent to damage Dan Franklin, deny him of his constitutional rights to property, liberty and due process. These actions were motivated by an intention to provide a benefit to Mrs. Franklin because of her status as an employee of the City of Van Buren and because of her personal relationship with a Van Buren Police Officer.

15. The Defendants including but not limited to Lisa Franklin engaged in a civil conspiracy. Specifically, the Defendants worked together to secure personal property belonging to the Plaintiff and to deprive him of possession thereof and also to subject him to excessive use of force. Lisa Franklin's participation of the conspiracy included but was not limited to fabricating and exaggerating the nature of interactions that she had with the Plaintiff and fabricating and exaggerating injuries which she did not have and taking possession of the items of personal property and cash. The Defendants David Martin and City of Van Buren provided advice to Ms. Franklin about how to engage in conduct so as to put herself in the most advantageous position possible in both civil and criminal litigation against the Plaintiff. They furthered the civil conspiracy by wrongfully providing possession of personal property belonging to the Plaintiff to Lisa Franklin and making excessive use of force against the Plaintiff despite an absence of good faith basis to justify such use of force. The Plaintiff was damaged by the loss of personal property, cash and by pain and suffering as a result of the excessive use of force.

16. Mr. Franklin suffered damages in the form of physical injury, loss of income and loss of reputation as a direct and proximate result of the violation of his constitutional rights as set forth herein. Said damages are in an amount in excess of $100,000.

WHEREFORE the Plaintiff prays for an Order of this Court granting the relief requested and for all other relief to which he may be entitled.

Respectfully submitted,

Dan Franklin-Plaintiff

BY:_____

Troy Gaston
Bar No. 2003011

Walters, Gaston, Allison & Parker
Attorneys at Law
1405 W Center, 3rd Fl
Greenwood, AR 72936
479-996-2100

TG:dd